IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN J. GILLMORE,<br><br>        Plaintiff,<br><br>   vs.<br><br>WELLS FARGO BANK, N.A.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>        Defendants.<br>_____ | CIVIL NO. 11-00321 LEK-KSC |

**ORDER GRANTING DEFENDANT**
**WELLS FARGO BANK, N.A.'S MOTION TO DISMISS**

Before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo" or "Defendant") Motion to Dismiss ("Motion"), filed on June 15, 2011.  Plaintiff John J. Gillmore ("Plaintiff") filed his memorandum in opposition on September 22, 2011, and Defendant filed its reply on October 3, 2011.  The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules").  After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Defendant's Motion is HEREBY GRANTED.

**BACKGROUND**

Plaintiff alleges in his Complaint that, on or about

October 31, 2006, he signed a first mortgage agreement ("First Mortgage") and note with Defendant, secured by his property located at 160 Alehela Street, Kahului, Hawaii 96732 ("the Property").  [Complaint at ¶ 4.]  He signed a second mortgage agreement ("Second Mortgage") with Defendant, also secured by the Property, on November 22, 2006.  [Id.]  According to Plaintiff, Defendant is both the lender and servicer of the First and Second Mortgages.  [Id. at ¶¶ 5-6.]

The Complaint alleges four causes of action.  Count I alleges as follows:

> 11.  Defendant WELLS FARGO would preempt PLAINTIFF's right to buy insurance for the said property by setting up an escrow account and charging far in excess over the market value for insurance.
>
> 12.  Section 5 of the UNIFROM (sic) COVENANTS of the 1st Mortgage and Section 4 of the UNIFROM (sic) COVENANTS of the 2nd MORTGAGE are unconscionable by any standard and certainly shocks the conscious of any reasonable person. See EXHIBIT "1" at 6 and EXHIBIT "2" at 4.
>
> 13.  PLAINTIFF asks for a refund and credit for this unconscionable and usurious rate of insurance along with punitive damages, totaling in excess of $75,000.00.

[Id. (footnotes omitted).]  Counts II and III are nearly identical to Count I, and claim that Defendant purchased property and flood insurance on Plaintiff's behalf at usurious rates. [Id. at ¶¶ 14-21.]  Count IV alleges that Defendant breached its contractual obligations, and, therefore, the contracts are null

and void, and that Plaintiff is entitled to punitive damages. [Id. at ¶¶ 22-23.]

Attached to the Complaint as Exhibit 1 is the First Mortgage, and attached as Exhibit 2 is the Second Mortgage. The Complaint does not allege when Defendant procured insurance on the Plaintiff's behalf, how much the coverage cost, or why Plaintiff neglected to purchase his own insurance.

## I. **Defendant's Motion**

Defendant asks the Court to dismiss the Complaint because it does not state a claim upon which relief can be granted and does not comply with Federal Rule of Civil Procedure 8.

### A. **Failure to State Claims for Unconscionability and Usury**

Defendant first argues that Plaintiff fails to state a claim for unconscionability or usury. It argues that unconscionability is a defense to the enforcement of a contract, and does not state an affirmative claim in this instance. Further, the insurance premiums allegedly charged to Plaintiff are not "usurious" because they do not involve an illegal rate of interest. [Mem. in Supp. of Motion at 4-5.]

### B. **Failure to State a Claim for Breach of Contract**

Defendant next argues that Plaintiff's Count IV breach of contract claim is insufficiently plead and should be dismissed. The claim does not sufficiently identify the

3

particular provision allegedly violated, or when and how Defendant allegedly violated the contract.  [Id. at 6-7.]

Defendant argues that the Complaint does not provide adequate notice of the claims against it, and urges dismissal for failure to comply with Rule 8.  [Id. at 7.]

## II. **Plaintiff's Memorandum in Opposition**

Plaintiff's memorandum in opposition argues that the forced insurance charges are, in fact, unconscionable, and that the Motion should be denied.  With respect to Rule 8's requirements, Plaintiff claims that he has set forth sufficient factual matter to plead causes of action that are plausible on their face and provide fair notice to Defendant.  [Mem. in Opp. at 3-4.]

Plaintiff cites several cases from other jurisdictions, but none from Hawai'i, addressing unconscionability.  None of the cases are cited for the proposition that Plaintiff may state a stand-alone, affirmative claim for unconscionability.  Plaintiff argues that "[p]rocedural and substantive unconscionability are displayed in this action, though the essential issue is the harshness and unreasonableness of the exorbitant forced charges caused by the substantive terms."  [Id. at 7.]

Plaintiff also argues that the First and Second Mortgages are contracts of adhesion, and that he had no opportunity to negotiate or meaningful choice, and, therefore, he

has "sufficiently proven procedural unconscionability to require examination of substantive unconscionability." [Id. at 8-9.] Plaintiff argues that the mortgage provisions which require the borrower to maintain insurance, and permit the lender to procure insurance if the borrower fails to do so, are substantively unconscionable because the terms are so one-sided as to shock the conscious. According to Plaintiff, he has "sufficiently proven substantive unconscionability which causes the contract to be unconscionable and unenforceable." [Id. at 10.] Plaintiff argues that punitive damages are necessary to punish and deter Defendant. [Id.]

### III. **Defendant's Reply**

Defendant asserts in its reply that Plaintiff relies on broad and conclusory statements, unsupported by specific factual allegations concerning the transaction or terms of the mortgages. Defendant maintains that Plaintiff's claim for unconscionability fails to state an affirmative claim for relief because unconscionability is a defense to a contract action. It also argues that any affirmative cause of action for unconscionability must be grounded on the unconscionable terms of the contract and not unconscionable conduct. [Reply at 3-4.]

Defendant notes that Plaintiff fails to specify which contract terms are allegedly unconscionable, or how the First and Second Mortgages were contracts of adhesion, and that Plaintiff's

reply does not address his breach of contract claim.  [Id. at 6-9.]

**STANDARD**

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss a claim for "failure to state a claim upon which relief can be granted[.]"

> Under Rule 12(b)(6), review is generally limited to the contents of the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  If matters outside the pleadings are considered, the Rule 12(b)(6) motion is treated as one for summary judgment.  See Keams v. Tempe Tech. Inst., Inc., 110 F.3d 44, 46 (9th Cir. 1997); Anderson v. Angelone, 86 F.3d 932, 934 (9th Cir. 1996).  However, courts may "consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment."  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003).
>
> On a Rule 12(b)(6) motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.  Fed'n of African Am. Contractors v. City of Oakland, 96 F.3d 1204, 1207 (9th Cir. 1996).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id. (citing Twombly, 550 U.S. at 554,

127 S. Ct. 1955).

Hawaii Motorsports Inv., Inc. v. Clayton Group Servs., Inc., 693 F. Supp. 2d 1192, 1195-96 (D. Hawai`i 2010).

## DISCUSSION

### I. Counts I, II, and III - Unconscionability

Counts I through III allege that the terms and conditions of the First and Second Mortgages are unconscionable because Plaintiff was charged usurious rates for insurance procured by Defendant on Plaintiff's behalf.

As this Court recently explained in Medieros v. BAC Home Loans Servicing LP, Civ. No. 11-00205 LEK-KSC, involving nearly identical claims brought by Plaintiff's counsel:

> "Unconscionability" is generally a defense to the enforcement of a contract, and is not a proper claim for affirmative relief. See, e.g., Gaitan v. Mortg. Elec. Registration Sys., 2009 WL 3244729, at *13 (C.D. Cal. Oct. 5, 2009) ("Unconscionability may be raised as a defense in a contract claim, or as a legal argument in support of some other claim, but it does not constitute a claim on its own."); Carey v. Lincoln Loan Co., 125 P.3d 814, 829 (Or. App. 2005) ("[U]nconscionability is not a basis for a separate claim for relief."); see also Barnard v. Home Depot U.S.A., Inc., 2006 WL 3063430, at *3 n.3 (W.D. Tex. Oct. 27, 2006) (citing numerous cases for the proposition that neither the common law or the UCC allows affirmative relief for unconscionability).
>
> To the extent unconscionability can be addressed affirmatively as part of a different-that is, independent-cause of

> action, such a claim "is asserted to prevent the enforcement of a contract whose terms are unconscionable." Skaggs v. HSBC Bank USA, N.A., 2010 WL 5390127, at *3 (D. Haw. Dec. 22, 2010) (emphasis in original). Skaggs dismissed a "claim" for unconscionability because it challenged only conduct such as "obtaining mortgages under false pretenses and by charging Plaintiff inflated and unnecessary charges," and "failing to give Plaintiff required documents in a timely manner," and not any specific contractual term. Id.

Phillips v. Bank of Am., Civil No. 10-00551 JMS-KSC, 2011 WL 240813, at *12 (D. Hawaiʻi Jan 21, 2011) (footnote omitted).  Further,

> In Skaggs, this court noted in dicta that "at least one Hawaii court has addressed unconscionability when raised as a claim seeking rescission." 2010 WL 5390127, at *3 n.2 (citing Thompson v. AIG Haw. Ins. Co., 111 Haw. 413, 142 P.3d 277 (2006)).  The court did not mean to suggest that an affirmative claim for "unconscionability" without more is a proper cause of action. Even in Thompson, the operative complaint did not assert a separate count for rescission or unconscionability. See Thompson, 111 Haw. at 417, 142 P.3d at 281 (indicating the specific counts were for negligence, fraud, breach of duty, and unfair and deceptive trade practices under HRS 480-2).  In Thompson, the remedy of rescission was based on an independent claim.  Similarly, **a remedy for an unconscionable contract may be possible; a standalone claim asserting only "unconscionability," however, is improper**. See, e.g., Gaitan v. Mortg. Elec. Registration Sys., 2009 WL 3244729, at *13 (C.D. Cal. Oct. 5, 2009).

Id. at *12 n.9.

[Medeiros, Order Granting Defendant's Motion to Dismiss in Civil No. 11-00205 LEK-KSC, filed 9/22/11 (dkt. no. 40), at 9-11.]

This district court also dismissed nearly identical claims filed by Plaintiff's counsel in Boroweic v. Deutsche Bank National Trust Co., Civ. No. 11-00094 DAE-KSC, on the grounds that "unconscionability is a cause of action asserted to prevent the enforcement of a contract[.]"  [Boroweic, Order Granting Defendants' Motion to Dismiss in Civil No. 11-00094 DAE-KSC, filed 7/19/11 (dkt. no 29), at 7.]  Boroweic held that the plaintiff failed to state a claim for unconscionability based on the forced purchase of insurance because the complaint did not address specific contract terms, but addressed the defendant's conduct.  [Id.]

In light of the foregoing, Plaintiff's affirmative claims for unconscionability fail to state a claim upon which relief can be granted.  The Motion is GRANTED as to Counts I, II, and III.

## II. Count IV - Breach of Contract

Count IV alleges a breach of contract claim, stating that Wells Fargo "failed to uphold their contractual obligations; therefore, the contacts (sic) are null and void and along with punitive damages, total damages would exceed $75,000.00."  [Complaint at ¶ 23.]

The Complaint, however, fails to sufficiently identify: (1) the particular contracts at issue; (2) the parties to the contracts; (3) whether Plaintiff performed under the

contracts; (4) the particular provisions of the contracts allegedly violated by Wells Fargo; (5) when and how Wells Fargo allegedly breached the contracts; or (6) how Plaintiff was injured.  See Otani v. State Farm Fire & Cas. Co., 927 F. Supp. 1330, 1335 (D. Hawai'i 1996) ("In breach of contract actions, . . . the complaint must, at minimum, cite the contractual provision allegedly violated.  Generalized allegations of a contractual breach are not sufficient.").  To the extent Plaintiff alleges that Wells Fargo breached the First and Second Mortgages by purchasing insurance at Plaintiff's expense, he fails to sufficiently explain how such conduct breached these agreements.

Plaintiff fails to state a claim for breach of contract, and the Motion is GRANTED as to Count IV.

**III. Leave to Amend**

Plaintiff is given leave to submit a motion to the magistrate judge that seeks permission to file an Amended Complaint.  The proposed Amended Complaint must be attached to the motion.  Plaintiff is not granted leave to add new parties, claims or theories of liability, and any Amended Complaint must address the deficiencies noted in this Order.  Any such motion shall be filed no later than **October 31, 2011**].  If Plaintiff fails to timely file a motion seeking leave to file an attached Amended Complaint, judgment will be automatically entered in

favor of Defendant.  The Court CAUTIONS Plaintiff's counsel to ensure that any new pleading does not repeat the deficiencies already called to his attention.

## CONCLUSION

On the basis of the foregoing, Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss, filed on June 15, 2011, is HEREBY GRANTED.  Plaintiff has until **October 31, 2011** to file a motion seeking permission to file an Amended Complaint in accordance with this order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 17, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge


**JOHN J. GILLMORE V. WELLS FARGO BANK, N.A., ET AL; CIVIL NO. 11-00321 LEK-KSC; ORDER GRANTING DEFENDANT WELLS FARGO BANK, N.A.'S MOTION TO DISMISS**