IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN J. GILLMORE,<br><br>      Plaintiff,<br><br>  vs.<br><br>WELLS FARGO BANK, N.A.; JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10; DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-10,<br><br>      Defendants. | CIVIL NO. 11-00321 LEK-KSC |

### ORDER OF DISMISSAL

On October 17, 2011, this Court issued its Order Granting Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss ("10/17/11 Order"). The 10/17/11 Order gave Plaintiff John J. Gillmore ("Plaintiff") until October 31, 2011 to submit a motion to the magistrate judge seeking permission to file an Amended Complaint. [10/17/11 Order at 10.] This Court expressly stated that "[i]f Plaintiff fails to timely file a motion seeking leave to file an attached Amended Complaint, judgment will be automatically entered in favor of Defendant." [Id. at 10-11.] As of the date of this Order, Plaintiff has neither filed a motion seeking leave to file an Amended Complaint nor requested an extension of time in which to file said motion.

Fed. R. Civ. P. 16(f)(1) provides that:

On motion or on its own, the court may issue any

>    just orders, including those authorized by Rule
>    37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>        . . . .
>        (C) fails to obey a scheduling or other
>        pretrial order.

Fed. R. Civ. P. 37(b)(2)(A)(v) authorizes orders "dismissing the action or proceeding in whole or in part[.]"

The Ninth Circuit has stated:

>    In determining whether to dismiss a claim for
>    failure to prosecute or failure to comply with a
>    court order, the Court must weigh the following
>    factors: (1) the public's interest in expeditious
>    resolution of litigation; (2) the court's need to
>    manage its docket; (3) the risk of prejudice to
>    defendants/respondents; (4) the availability of
>    less drastic alternatives; and (5) the public
>    policy favoring disposition of cases on their
>    merits.

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citation omitted). In light of Plaintiff's failure to comply with the 10/17/11 Order, the first two factors weigh in favor of dismissal with prejudice.

The third factor does not weigh in favor of dismissal because "[t]o prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Id. (citation omitted). Plaintiff's failure to comply with the 10/17/11 Order does not rise to this level.

The 10/17/11 Order identified the deficiencies in Plaintiff's original Complaint and gave Plaintiff the opportunity to correct them. Insofar as Plaintiff has not made any attempt

to do so, there are no less drastic alternatives available at this time.  The fourth factor therefore also favors dismissal with prejudice.

The fifth factor weighs against dismissal.  On balance, however, this Court FINDS that the first, second, and fourth factors weigh strongly in favor of dismissal with prejudice.  The Court therefore DISMISSES Plaintiff's Complaint WITH PREJUDICE and DIRECTS the Clerk's Office to enter judgment in favor of Defendant and to close the case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, November 16, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**JOHN J. GILLMORE V. WELLS FARGO BANK, N.A.; CIVIL NO. 11-00321 LEK-KSC; ORDER OF DISMISSAL**